**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Randy S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50282 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy S. seeks review of the final decision of the Commissioner of the Social Security Administration denying him disability benefits. For the reasons stated below, Plaintiff's motion to reverse the Commission's final decision [16] is granted, and the Commission's request to affirm the decision [19] is denied.

## BACKGROUND

A.      Procedural History

On July 26, 2022, Randy S. ("Plaintiff") protectively filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on December 16, 2021. R. 17. The Social Security Administration ("Commissioner") denied her application initially on May 24, 2023, and upon reconsideration on October 31, 2023. *Id.* Following a written request, a telephonic hearing was held on June 24, 2024, before Administrative Law Judge ("ALJ") George M. Gaffaney. *Id.* Plaintiff was represented by counsel at the hearing and testified. An impartial vocational expert also testified at the hearing. *Id.*

On July 17, 2024, the ALJ issued his written opinion denying Plaintiff's claims for disability insurance benefits. R. 17-28. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's brief in support of his motion to reverse and remand the Commissioner's decision [16], the Commissioner's motion for summary judgment and response to Plaintiff's brief [19], and Plaintiff's reply brief [20].

B.  The ALJ's Decision

In his ruling, the ALJ analyzed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4).  At

step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of December 16, 2021. R. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; obesity; and chronic bronchitis with tobacco use. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. R. 19-20. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 20-21.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work except he cannot climb ladders, ropes or scaffold. He can occasionally climb ramps and stairs, stoop, balance, and crouch. Plaintiff can have no exposure to workplace hazards such as unprotected heights or dangerous moving machinery. He can have occasional exposure to fumes, dusts, gases, or other pulmonary irritants. R. 21-25. At step four, the ALJ found that Plaintiff could not perform any past relevant work. R. 25-26. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including cashier II, parts assembler, and sorter. R. 26-27. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from December 16, 2021, through the date of decision, July 17, 2024. R. 27.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted)). While substantial evidence is "more than a mere scintilla," "the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); *see also Warnell*, 97 F.4th at 1054; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("While we have never required an ALJ to address every piece of evidence or testimony in the record, the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits.").

## DISCUSSION

Plaintiff argues that the matter should be remanded because (1) the ALJ erred in evaluating the medical opinions in the record; (2) the ALJ did not comply with SSR 96-8p in discounting Plaintiff's reported limitations in sitting and lifting, and by failing to address Plaintiff's alleged inability to stand for more than five minutes; and (3) the ALJ's analysis of Plaintiff's subjective symptoms did not comply with SSR 16-3p. As set forth below, the Court finds that the ALJ failed

2

to properly evaluate the state agency reviewing physicians' opinions; therefore, this matter is remanded for further proceedings.

When assessing medical opinion evidence, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c. "Instead, the ALJ must consider factors such as supportability, consistency, relationship with the claimant, and length of the treatment relationship. 20 C.F.R. § 404.1520c(a), (c). Among these, supportability and consistency are the most important factors, and the ALJ is required to explain how the ALJ considered these two factors in their determination or decision." *Patrice W. v. Kijakazi*, No. 20 CV 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. § 404.1520c(b)(2) (quotations omitted). In assessing the supportability factor, a medical opinion is considered more persuasive "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c. In assessing the consistency factor, an ALJ should consider the consistency of the medical opinion with "the evidence from other medical sources and the nonmedical sources in the claim." *Id*. *See also Bakke*, 62 F.4th at 1067 ("Section 404.1520c(c) requires ALJs to explicitly explain why particular medical opinions are consistent with the record as a whole.").

In his decision, the ALJ noted that he "fully considered" the opinions of the state agency medical consultants. As to these consultants (Dr. John Peterson and Dr. Jennifer Western), the sum of the ALJ's findings is as follows:

> At the initial level of administrative review, State agency medical consultant John Peterson, M.D., completed a physical assessment dated May 24, 2023, finding that the claimant could perform light work except for o [*sic*] climbing ladders, ropes, or scaffolds; frequent climbing ramps and stairs; occasional stooping and crouching; and avoid concentrated exposure to respiratory irritants and workplace hazards (1A).

> Upon reconsideration, State agency medical consultant Jennifer Western, M.D., completed a physical assessment dated October 26, 2023, affirming Dr. Peterson's initial assessment (3A).

> These prior administrative medical findings are persuasive as they are consistent with one another and with the objective medical findings and the claimant's conservative treatment history.

R. 24-25.[1]

Plaintiff argues that the ALJ's failure to provide any analysis of the supportability and consistency factors in 20 C.F.R. §404.1520c(b)(2) when concluding that the opinions of Drs.

---

[1] For completeness, the Court notes that in the ALJ's discussion of the medical opinions of Plaintiff's primary care physician Dr. Thomas McGowan, the ALJ stated: "Overall, the undersigned finds the opinions of the reviewing State agency medical consultants to be more consistent with the objective medical findings and the claimant's treatment history." R. 25.

3

Peterson and Western were persuasive, is in error. The Court agrees. The ALJ's consideration of the state agency medical consultants' opinions is completely devoid of explanation or analysis. The decision fails to pinpoint any medical evidence that is consistent with the opinions of the consultants and further fails to explain how a finding that Plaintiff could perform light work is supported by the findings of these medical consultants. Stating that the medical consultants' opinions are persuasive as they are "consistent with one another and with the objective medical findings and the claimant's conservative treatment history," R. 25, is a conclusion, not an explanation. "An ALJ's supportability and consistency analyses are insufficient where an ALJ merely perfunctorily asserts that a consultant's opinion is supported or consistent without any analysis." *Athena M. v. Dudek*, No. 24 C 2439, 2025 WL 580850, at *3 (N.D. Ill. Feb. 21, 2025).

The Commissioner admits that the ALJ's analysis of the state agency consultants' opinions was "indeed sparce," [19], p. 3, but argues that the decision was informed by the content of the ALJ's decision as a whole. In support, the Commissioner points to two earlier pages of the decision which summarize portions of Plaintiff's medical record, specifically medical record notes which indicate mostly normal findings or "mixed" findings – doctors recommending conservative treatment despite the fact that Plaintiff complained of pain so severe that he could only stand for five minutes, and an epidural injection which provided 70% relief for a short period of time. R. 22-23. According to the Commissioner, it was these "mixed findings" that provided the basis for the ALJ finding that the opinions of Drs. Peterson and Western were reasonable. The Court finds no connection between a brief summary of medical reports to a finding that the state agency medical consultants' opinions were consistent and supported. Nowhere in the ALJ's decision does the ALJ explain why or how he found these opinions persuasive. "It is not enough that the ALJ acknowledged this evidence elsewhere in her decision; [he] was also required to *explain* how it factored into [his] medical necessity analysis." *Vaughn J. v. Kijakazi*, No. 20-CV-4310, 2022 WL 6122658, at *6 (N.D. Ill. Oct. 7, 2022) (emphasis in original); *see also Michael Z. V. Berryhill*, No. 17-CV-50195, 2019 WL 13094919, at *6 (N.D. Ill. June 3, 2019) ("…a narrative is different than an analysis. The former is not enough; the later is required.").

The Commissioner makes one additional argument on this issue – that a fuller explanation is not needed as the ALJ adopted the opinions of Drs. Peterson and Western, and Plaintiff was not harmed by any alleged error. While the Court recognizes the "harmless error" argument, the Court does not agree that a "fuller explanation" of the state agency medical consultants' opinions is not needed. As explained above, the ALJ failed to provide any record evidence support for the conclusion that the opinions of Drs. Peterson and Western were "consistent with one another and with the objective medical findings and the claimant's conservative treatment history." R. 25. "Because 20 C.F.R. § 404.1520c(b)(2) requires the ALJ to explain *how* the medical source opinion was inconsistent with and/or unsupported by the record, supplying only a rote conclusion…is insufficient to allow judicial review and requires remand." *Christopher T. v. Kijakazi*, No. 22 C 5239, 2023 WL 4421806, at *4 (N.D. Ill. July 10, 2023) (emphasis in original), citing *Patrice. W.*, No. 20 C 02847, 2022 WL 2463557, at *3-4 (N.D. Ill. July 2, 2022). For these reasons, the Court cannot say that this error was harmless.

Here, the Court finds that the ALJ's decision was reached without giving proper consideration and analysis to the state agency medical consultants' opinions. By making only conclusory statements as to the consistency and supportability of these opinions, the ALJ failed to

4

follow the requirements of 20 C.F.R. § 404.1520c. Additionally, the Court is unable to provide a thorough review of the ALJ's decision without the benefit of this required analysis. It should be noted, however, that the Court is not concluding that the ALJ's finding that the opinions of Drs. Peterson and Western were persuasive is improper. The Court is only concluding that because the ALJ did not provide a comprehensive analysis of these opinions, the Court cannot say these opinions were properly considered.

The case is remanded for further consideration of this issue. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commission's final decision [16] is granted, and the Commission's request to affirm the decision [19] is denied.

Date: July 21, 2026                                ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

5